### ROONEY v. HUNTER, Warden.
### No. 929 H. C.

District Court, D. Kansas, First Division.

Dec. 15, 1945.

Benjamin F. Endres, of Leavenworth, Kan., for petitioner.

Eugene W. Davis, Asst. U. S. Dist. Atty., of Topeka, Kan., for respondent.

HELVERING, District Judge.

The petitioner, having been duly sworn, fully testified before the Court in his own behalf and offered in evidence the following exhibits which were received without objection:

(a) Certified copy of indictment in case No. 2636 filed on April 28, 1939, in the Ottumwa Division of the United States District Court for the Southern District, of Iowa, charging petitioner with violation of 12 U.S.C.A. § 588b.

(b) Certified copy of the Court's order to docket said indictment, made on April 28, 1939.

(c) Certified copy of petition for writ of habeas corpus ad prosequendum, filed in case No. 2636 in United States District Court for Southern District of Iowa, Ottumwa Division, on September 5, 1941.

(d) Certified copy of order for writ of habeas corpus ad prosequendum filed in case No. 2636 in United States District Court for Southern District of Iowa, Ottumwa Division, on September 5, 1941.

(e) Certified copy of writ of habeas corpus ad prosequendum issued by the United States District Court for the Southern District of Iowa, Ottumwa Division, on September 5, 1941, and directed to the Warden of the Missouri State Penitentiary at Jefferson City, Missouri, and Marshal's return thereto.

(f) Certified copy of judgment and commitment issued by United States District Court for the Southern District of Iowa, Ottumwa Division, on September 18, 1941, in case No. 2636, and Marshal's return thereon.

(g) Parole executed by the Governor of the State of Missouri on November 14, 1944, to Dellmar Rooney.

(h) Mimeographed instructions, with blanks filled by typewriter, purportedly issued to Dellmar Rooney by parole authorities at time of parole from Missouri State Penitentiary in compliance with above parole order.

Whereupon respondent offered in evidence photostatic copy of judgement and commitment issued by United States District Court for the Southern District of Iowa, Ottumwa Division, on September 18, 1941, in case No. 2636, and marshal's return thereon. And thereafter counsel for the parties made their argument to the Court and the Court granted the parties leave to file briefs. It was agreed that upon the filing of said briefs by the parties the case should stand submitted to the Court for determination upon the record.

Now upon this 15th day of December, 1945, the cause comes on for determination by the Court and the Court, having considered the evidence in the case, the pleadings and arguments, both oral and by brief, of counsel and being fully advised in the premises, finds all issues in said cause in favor of the respondent and against petitioner and makes the following findings of fact and conclusions of law:

### Findings of Fact.

1. The Court finds that the petitioner was indicted by a Grand Jury in the United States District Court for the Southern District of Iowa, in Criminal Case No. 2636, in an indictment containing one count, charging a violation of 12 U.S.C.A. § 558b, such indictment being filed in open court on the 28th day of April, 1939. The Court further finds that said indictment charged an offense against the laws of the United States.

2. The Court further finds that thereafter and on the 18th day of September, 1941, the petitioner was arraigned in the United States District Court for the Southern District of Iowa, Ottumwa Division, and was convicted on his plea of guilty to the offense charged in said indictment in case No. 2636, and was then and there sentenced by the Court to be committed to the custody of the Attorney General for imprisonment for the period of ten (10) years.

3. The Court further finds that said sentence imposed by the United States District Court for the Southern District of Iowa, Ottumwa Division, in case No. 2636 provided that, petitioner having been brought before that Court by writ of habeas corpus ad prosequendum and which said writ provided that said petitioner be returned to the Missouri State Penitentiary where he was then serving a sentence imposed by the Circuit Court of St. Francis County, Missouri, on or about the 1st day

of February, 1938, the said sentence then imposed by the United States District Court should run concurrently with said sentence imposed by the said Circuit Court of St. Francis County, Missouri.

4. The Court further finds that petitioner, pursuant to the judgment and commitment in said case No. 2636, was thereafter returned to the Missouri State Penitentiary at Jefferson City, Missouri.

5. The Court finds that on November 14, 1944, petitioner was released from the Missouri State Penitentiary on parole from the service of the said sentence he was then serving therein and with which the sentence in case No. 2636 imposed by the United States District Court for the Southern District of Iowa, Ottumwa Division, was to run concurrently. Said parole provided that petitioner was to report immediately on his release under authority of said parole to the United States Marshal of Kansas City, Missouri, and that the said Marshal would hold himself responsible to the Governor of the State of Missouri for petitioner's behavior and compliance with the conditions of the parole and that upon petitioner's arrival at his destination, he and the U. S. Marshal would advise the State Board of Probation and Parole of that fact and make the usual periodic reports to said Board.

6. The Court further finds that the State of Missouri intended to and did release petitioner at said time and at Jefferson City, Missouri, to the custody of the U. S. Marshal to be taken into the custody of the Attorney General of the United States to continue service of his sentence in case number 2636, imposed by the U. S. District Court for the Southern District of Iowa, Ottumwa Division, in such place as the Attorney General should select.

7. The Court further finds that the U. S. Marshal for the Western District of Missouri on November 14, 1944, at Jefferson City, Missouri, executed the commitment in case number 2636, issued by the U. S. District Court for the Southern District of Iowa, Ottumwa Division, by taking petitioner into custody on his release from the Missouri State Penitentiary and thereafter delivered petitioner into the custody of respondent at the U. S. Penitentiary at Leavenworth, Kansas.

8. The Court further finds that petitioner is now confined in the U. S. Penitentiary at Leavenworth, Kansas, by respondent under and by authority of the judgment and commitment in case No. 2636, issued by the U. S. District Court for the Southern District of Iowa, Ottumwa Division.

9. The Court further finds that the sentence of ten years imposed on petitioner by the U. S. District Court for the Southern District of Iowa, Ottumwa Division, in case No. 2636, began to run on September 18, 1941, and has not yet been served nor the petitioner otherwise discharged as provided by law.

10. The Court further finds that the burden of proof rests upon petitioner to establish that he is illegally held in respondent's custody or deprived of his liberty without due process of law or in derogation of his constitutional rights and further finds from the evidence that petitioner has failed to sustain that burden.

11. The Court further finds that the pleadings and evidence filed and introduced herein, including petitioner's application and respondent's return and certified copies of trial court records and records of the Missouri State authorities including the parole issued by the State of Missouri, other exhibits, and statements made by petitioner in his oral testimony, clearly show that the petitioner is not entitled to release by writ of habeas corpus.

## Conclusions of Law.

1. The State of Missouri by releasing petitioner by means of a parole which provided that he should submit himself to the custody of the U. S. Marshal and that the U. S. Marshal should be responsible for his conduct thereby waived its right and authority to retain exclusive and sole jurisdiction of the person of petitioner until the completion of the sentence he was then serving in the Missouri State Penitentiary and consented to the exercise of jurisdiction by the federal government over the person of petitioner.

2. Where a prisoner is under concurrent sentences of both state and federal courts, the question of priority of jurisdiction is one of comity between the respective sovereignties and is not a question of choice which may be exercised as a matter of personal right by the prisoner.

3. The fact that an individual is under sentence of imprisonment by a state court but has been paroled by the state au-

thorities does not prevent his being taken into custody by federal authorities and made to serve a sentence imposed upon him by a federal court where such action is taken with consent of state authorities or where no objection is made by the state authorities.

■ 4. A prisoner in a federal penitentiary cannot, by habeas corpus proceedings, invoke the doctrine of comity to resist exercise of the state's authority to parole him to federal authorities for the purpose of federal imprisonment where he has violated the laws of both sovereignties, and he cannot, as a matter of right, demand priority for the judgement of either.

■ 5. Either the federal or a state government may voluntarily surrender its prisoner to the other without the consent of the prisoner and when one of two sovereignties has done so the other may exercise its jurisdiction over the prisoner without regard to personal objections which he may raise based upon questions of comity or priority of jurisdiction.

■ 6. The power and right to imprison one convicted of crime is not lost to the U. S. government merely because it consents to waive infliction of punishment or to defer the taking of exclusive custody of the person of the one convicted pending punishment by another sovereign.

■ 7. No legal or constitutional right of petitioner was violated when he was taken into custody by the Marshal of the U. S. District Court for the Western District of Missouri or when he was, by said Marshal, remanded to the custody of respondent for service of the federal sentence imposed in case number 2636 by the U. S. District Court for the Southern District of Iowa.

8. The petitioner, Delmer J. Rooney, is now in the legal, lawful custody and control of the respondent.

It is, therefore, by the Court, considered, ordered, and adjudged that the petitioner, Delmer J. Rooney, is now in the legal, lawful custody and control of the respondent Warden of the United States Penitentiary and he is therefore remanded to the continued custody and control of the respondent until the service of the sentence imposed by the United States District Court for the Southern District of Iowa, Ottumwa Division, is completed or until such sentence is otherwise disposed of or the petitioner discharged according to law.