**UNITED STATES ex rel. HUNKE v. RAGEN, Warden.**

No. 9184.

Circuit Court of Appeals, Seventh Circuit.

Jan. 11, 1947.

George F. Barrett, Atty. Gen., and Raymond Sarnow, Asst. Atty. Gen. (William C. Wines, Asst. Atty. Gen., of counsel), for appellant.

William Hunke, pro se.

Before MAJOR and KERNER, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Respondent appeals from an order granting a discharge to the relator William Hunke upon his petition for a writ of habeas corpus.

The facts are undisputed. The relator, after being convicted in the criminal court of Cook County, Illinois, on June 25, 1920, of the crime of robbery while armed, was sentenced to a term of ten years to life. The legality of this conviction is not questioned. After escaping from the penitentiary on November 15, 1924, the relator was again apprehended and returned to the institution where he remained until June 9, 1931 when he was paroled upon the condition that he would commit no crime and would not depart from Illinois.

On February 16, 1934 the relator was arrested in Illinois upon a fugitive warrant from the state of Wisconsin. Extradition having been awarded, he was removed to Wisconsin where, on May 26, 1934, he was found guilty and sentenced to serve from one to seven years upon a charge of assault and robbery and from fifteen to twenty-five years upon a charge of burglary with explosives. On October 10, 1944, the relator, having been granted parole by the state of Wisconsin, was taken in custody in Wisconsin by Illinois officers and returned to the Illinois State Penitentiary. After a hearing, the Division of Correction duly found and determined that he was a parole violator and he has since that time been confined upon his original sentence and upon the determination that he was a parole violator.

The relator's contention is that when the Illinois authorities relinquished him to the state of Wisconsin for prosecution in the latter state, they thereby surrendered and effectually ended their jurisdiction over him. Therefore, says relator, his reconfinement in the state penitentiary was beyond the jurisdiction of the state of Illinois.

The question of whether Illinois lost jurisdiction over the relator is to be determined by the law of that state. In the case of People ex rel. Barrett v. Bartley, 383 Ill. 437, 50 N.E.2d 517, 520, 147 A.L.R. 935, the Supreme Court held that where a prisoner is actually confined in the penitentiary, the Governor's relinquishment of the prisoner to another state operates as a pardon. Here the relator, at the time the Governor honored the application for extradition, was on parole. He was not detained in any prison or penitentiary. Hence so much of the decision in the Barrett case is not of decisive effect here. However, the court added: "Had McLaughlin (the prisoner in that case) been extradited while absent from the prison and while on parole it would have created a different situation." We find no other authoritative statement from any of the courts of Illinois upon this subject matter. Consequently we think we are compelled to accept this statement of the law from the Illinois Supreme Court. It follows, therefore, that Illinois did not waive or lose its jurisdiction over the relator when it relinquished him to the state of Wisconsin; that he was still subject to the terms of his parole and that the state, upon proof of his violation of the terms of his parole, had the right to rearrest him and again place him in the penitentiary for completion of his sentence. Indeed, we think the facts in United States ex rel. Crist v. Ragen, Warden, Illinois State Penitentiary, Joliet, Illinois, 7 Cir., 157 F.2d 621, are parallel to those here and our conclusions there decisive of all questions raised here.

For the reasons recited, the judgment of the District Court is reversed with directions to dismiss the petition.