**Robert E. MORGAN, Plaintiff,**

v.

**UNITED STATES MARSHAL, EASTERN DISTRICT OF LOUISIANA, Defendant.**

Misc. No. 1224.

United States District Court

E. D. Louisiana,
New Orleans Division.

May 20, 1966.

---

Robert E. Morgan, in pro. per.

John C. Ciolino, Asst. U. S. Atty., Eastern District of Louisiana, for defendant.

AINSWORTH, District Judge.

Robert E. Morgan, petitioner, has brought this petition in proper person for writ of habeas corpus under 28 U.S. C.A. § 2241 et seq., growing out of his detention and imprisonment by the United States Marshal at New Orleans which he claims is unlawful and illegal and in violation of the Fourth and Fifth Amendments to the United States Constitution. We held an evidentiary hearing in this matter on April 6, 1966, at which time we offered petitioner the appointment of counsel if he was financially unable to pay for counsel, and the offer was declined.[1]

Subsequent to the hearing petitioner filed in these proceedings a motion to reduce bail and an evidentiary hearing was held in this regard on May 18, 1966.

The record discloses that on December 3, 1965, a complaint was filed by an agent of the Federal Bureau of Investigation before Russell R. Hermann, United States Commissioner at Los Angeles, charging Robert E. Morgan with violation of Title 18 U.S.C. § 1073 relative to unlawful flight to avoid confinement as a parole violator in connection with a prior conviction of a State offense in the State of California. A warrant of arrest was issued by the United States Commissioner pursuant to the complaint and bail was fixed in the amount of $50,000.

Thereafter, Morgan was arrested in New Orleans by FBI agents and brought before the United States Commissioner at New Orleans. At this time the United States attempted to dismiss its charge of violation of 18 U.S.C. § 1073, to which the defendant objected.

Thereafter, this petition for habeas corpus was filed by petitioner. At the evidentiary hearing on April 6, 1966, the Government responded to the petition for habeas corpus by submitting in evidence the warrant of arrest issued by the California Adult Authority dated March 25, 1966; the record of proceedings before the United States Commissioner at New Orleans in connection with the alleged violation of 18 U.S.C. § 1073; and the record of proceedings before the United States Commissioner at New Or-

---

1. Petitioner has filed all of his own pleadings and briefs, having informed the Court that he has had legal education through the LaSalle Extension School.

leans relative to the complaint filed on March 18, 1966 by an agent of the FBI charging violation of Title 18 U.S.C. § 2314 relative to interstate transportation of a forged security.

The Government also offered in evidence a warrant of arrest issued out of the United States District Court for the Southern District of California, Central Division, for the arrest of Robert E. Morgan as a consequence of an order of that Court revoking his bail bond in Criminal No. 30,654 (H. W.) of said Court.

While these proceedings were pending a trial was held on May 3, 1966 in Division A of this Court (before Judge Christenberry for violation of 18 U.S.C. § 2314 relative to interstate transportation of a forged security, and Morgan was found guilty by a jury and sentenced the same day to the custody of the Attorney General for a period of 30 months.

▮ At the time of the trial of petitioner's habeas corpus petition before us, he was being lawfully held in Federal custody on three matters:

1) The warrant of the United States Commissioner at Los Angeles growing out of the charge against Morgan that he had violated 18 U.S.C. § 1073 relative to unlawful flight to avoid confinement as a parole violator;

2) The warrant of arrest from the United States District Court for the Southern District of California, Central Division, as a result of his bail bond having been revoked in a criminal proceeding pending in that Court; and

3) The complaint in the United States District Court for the Eastern District of Louisiana filed under 18 U.S.C. § 2314 relative to interstate transportation of a forged security.

Subsequent to the evidentiary hearing on April 6, 1966, the Government has filed its request (under Rule 48(a) of the Federal Rules of Criminal Procedure) for leave of Court to order dismissal of the complaint charging Robert E. Morgan with violation of 18 U.S.C. § 1073 relative to unlawful flight to avoid confinement as a parole violator. Petitioner has renewed his objection to this charge being dismissed.

Morgan urges that we do not dismiss the unlawful flight complaint and that we rule that the State of California no longer has the right to assert a parole violation against him because on February 15, 1965, while imprisoned in the California State Prison at Soledad, he was transferred to the jurisdiction of the United States and the custody of the United States Marshal for delivery to a United States penitentiary to serve a Federal prison sentence then pending; that his surrender to Federal jurisdiction while then serving his California State sentence is equivalent to an implied pardon. He cites Thompson v. Bannan, 6 Cir., 1962, 298 F.2d 611, in support of his position as well as Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). However, it is not necessary for purposes of the writ of habeas corpus that we determine whether the State of California has a right to assert a parole violation against Morgan which is the subject of the Federal charge of unlawful flight to avoid confinement. Morgan is not being illegally held in Federal custody and his detention is not in violation of his constitutional rights, for if we grant the Government's motion to dismiss the unlawful flight complaint growing out of the California State parole violation, there still remain two bona fide reasons for holding him in Federal custody, namely, the conviction and sentence of 30 months imposed on Morgan by Judge Christenberry in this Court on May 3, 1966, and the revocation of bail in the proceedings against Morgan in United States District Court for the Southern District of California, Central Division, in Criminal No. 30,654 (H. W.).[2]

2. In this case Morgan was convicted of Federal income tax evasion and sentenced to the custody of the Attorney General; his sentence is on appeal and he was released on bond, which bond has now been revoked. See Exhibit G4.

■ We have considered the statements, evidence and argument made at the evidentiary hearing on May 18, 1966, in connection with petitioner Morgan's request that bail be reduced. We do not think the bail of $10,000 imposed by the United States District Court for the Southern District of California, Central Division, in Criminal No. 30,654 (H. W.) is excessive; the amount of bail is fair and reasonable under the circumstances. Bail of $10,000 was set by Judge Christenberry in the proceedings in which he sentenced Morgan to imprisonment for 30 months on May 3, 1966. On May 18, 1966, petitioner Morgan appeared before Judge Christenberry in open court and requested that he reduce said bond and his request was denied.

■ We have concluded to grant the Government's motion to order dismissal of the complaint against Morgan for unlawful flight to avoid confinement on which bail in the sum of $50,000 had been fixed by the United States Commissioner at Los Angeles.

We find, therefore, that petitioner Robert E. Morgan is being properly held in Federal custody under convictions in two Federal courts: one in the Southern District of California for Federal income tax evasion (now on appeal) and the other in this Court for interstate transportation of a forged security (now on appeal), and that the writ of habeas corpus should not be granted. Further, that bail set in these matters is not excessive and the request to reduce bail is denied. Further, that the Government's motion to dismiss the proceedings relative to unlawful flight to avoid confinement should be granted and we are signing a separate order of dismissal in that regard.

So ordered.