WHITAKER *v.* MAXWELL, WARDEN.

(No. 39956—Decided May 25, 1966.)

*Mr. Robert Louis Whitaker, in propria persona.*

*Mr. William B. Saxbe,* attorney general, and *Mr. William C. Baird,* for respondent.

*Per Curiam.* It is petitioner's primary contention that Ohio has lost jurisdiction to further incarcerate him. He bases this claim on the fact that, when he was under arrest as a parole violator in 1956 in Missouri and Ohio released him to the federal authorities for prosecution, Ohio thereby relinquished its jurisdiction over him and waived the right to further imprison him. He urges further that such jurisdiction was lost the second time when Ohio failed to promptly reclaim him on his release from the Kentucky State Reformatory in 1964. He alleges that he was available for return at that time, and that Ohio by failing to reclaim him waived its right to do so. Petitioner contends also that he was illegally returned from Kentucky because he was arrested on an invalid warrant and was not properly extradicted therefrom.

In relation to petitioner's first contention, the release by one sovereign in order that an accused may be tried by another does not constitute a waiver by the first sovereign of the right to require that the accused fulfill his obligation to it under a

previously imposed sentence. *Guerrieri* v. *Maxwell, Warden*, 174 Ohio St. 40; *Murphy* v. *Maxwell, Warden*, 176 Ohio St. 297; *Heston* v. *Green, Supt.*, 174 Ohio St. 291; *Tomkalski* v. *Maxwell, Warden*, 175 Ohio St. 377.

In relation to petitioner's second contention, it has been held that where a parolee violates his parole there is no affirmative duty on the state to pursue him and return him to custody, and that its failure to do so does not create any waiver of its right to exact the penalty previously imposed when it once again takes him into custody. *Cline* v. *Haskins, Supt.*, 175 Ohio St. 480; *Carter* v. *Maxwell, Warden*, 177 Ohio St. 35.

As to petitioner's final contention that he was arrested under an expired warrant and returned illegally to Ohio, this argument is without merit. The manner in which an accused is brought into a state does not affect the power of the state to imprison him under a previously imposed sentence. *Tomkalski* v. *Maxwell, Warden, supra.*

*Petitioner remanded to custody.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.