Cecil HIMES, Petitioner-Appellant,

v.

OHIO ADULT PAROLE AUTHORITY et al., Respondents-Appellees.

No. 71–1158.

United States Court of Appeals, Sixth Circuit.

Sept. 16, 1971.

1. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5 Cir. 1970).

Cecil Himes, in pro. per.

William J. Brown, Atty. Gen., Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, on brief for appellees.

Before MILLER and KENT, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

O'SULLIVAN, Senior Circuit Judge.

Cecil Himes appeals from denial, without an evidentiary hearing, of his petition for writ of habeas corpus. The matter was heard in the District Court for the Southern District of Ohio, Eastern Division. Himes' petition sought to have declared invalid, and withdrawn, a warrant-detainer lodged by the State of Ohio with the prison authorities of the State of Kentucky where Himes is imprisoned.

We affirm.

In August of 1957, Cecil Himes was convicted of burglary in a trial had in the Common Pleas Court of Hamilton County, Ohio, and was sentenced to prison for a term of one to fifteen years. The foundation of Himes' present entrance into the United States Courts stems from this 1957 conviction. He began serving the one to fifteen year sentence on October 5, 1957, then on November 7, 1958, he was paroled to the custody of Bourbon County, Kentucky, in response to a detainer which Kentucky previously filed against him. On September 18, 1959, he was found guilty of a felony in Kentucky, and subsequently incarcerated. Himes was released from prison by the Kentucky authorities in March, 1964, and thereupon returned to Cincinnati, Ohio. It was at this time that his Ohio parole supervision began, but it ended in June, 1964, when he absconded from the supervision of the Ohio Adult Parole Authority and he was thereafter declared a parole violator.

In October, 1964, Himes found his way back to Kentucky State Prison upon his conviction on two counts of robbery. He received a ten year sentence on each count, to be served concurrently. At this time, October 12, 1964, Ohio filed its detainer against Himes, based upon his violation of the parole given him following his 1957 conviction in Ohio. While at large as a violator of the parole given him by both Ohio and Kentucky, Himes, in September, 1965, committed an armed robbery in Lexington, Kentucky. Upon conviction therefor, he was given a life sentence which he is presently serving in the Kentucky State Penitentiary.

Himes charges that Ohio lost all jurisdiction over him as a parolee when it paroled hm to Kentucky in 1958. The petitioner relies upon our decision in Thompson v. Bannan, 298 F.2d 611 (6th Cir. 1962), wherein Judge Cecil discussed the case of Jones v. Rayborn, 346 S.W.2d 743 (Ky.App.1961). He reads our analysis of *Rayborn* as a holding that when Ohio *paroled* Himes in 1958 and allowed Kentucky to try him for an offense committed there, Ohio lost all right to thereafter punish him as a violater of the parole Ohio had granted. The distinction between Himes' position and the case upon which he relies is that he was not released by Ohio *while still serving his sentence.* He had been granted parole before he was surrendered to Kentucky. In Thompson v. Bannan, *supra,* we set out what we considered to be Kentucky's holding in Jones v. Rayborn:

> "The surrender to another state *while the prisoner is serving a sentence* is equivalent to a pardon." 298 F.2d at 615. (Emphasis supplied.)

Moreover, in *Rayborn,* the Kentucky court carefully pointed out,

> "At the time Rayborn was transferred to Eddyville *he was not paroled* nor was he eligible for parole * * *. He was in custody under his conviction at the time he was surrendered to the federal authorities." 346 S.W.2d at 745.

The Kentucky court in *Rayborn* cited People ex rel. Barrett v. Bartley, 383 Ill. 437, 50 N.E.2d 517, 521, 147 A.L.R. 935, carefully noting that the extradition there involved had occurred while the petitioner was "serving a prison sentence." In our Thompson v. Bannan, we distinguished Barrett v. Bartley, *supra*, by saying:

> "The situation would have been different, the court said, if the prisoner had actually been free on parole at the time he was surrendered to the other state." 298 F.2d at 615–616.

In United States ex rel. Hunke v. Ragen, 158 F.2d 644 (7th Cir. 1947), the court emphasized the inapplicability of Jones v. Rayborn, *supra*, to the situation here. Its statement of the contention there made exhibits its clear relevance to the case at bar.

> "The relator's contention is that when the Illinois authorities relinquished him to the state of Wisconsin for prosecution in the latter state, they thereby surrendered and effectually ended their jurisdiction over him. Therefore, says relator, his reconfinement in the state penitentiary was beyond the jurisdiction of the state of Illinois." 158 F.2d at 645.

In that case, the petitioner had been paroled when he was released by Illinois to Wisconsin to there stand trial for violation of its Wisconsin laws. The Seventh Circuit held that Illinois law must control. It concluded:

> "It follows, therefore, that Illinois did not waive or lose its jurisdiction over the relator when it relinquished him to the state of Wisconsin; that he was still subject to the terms of his parole and that the state, upon proof of his violation of the terms of his parole, had the right to rearrest him and again place him in the penitentiary for completion of his sentence." 158 F.2d at 645.

Petitioner has cited neither reasoning nor authority contrary to the above. We find no rule of law or of common sense for holding that Ohio's release of Himes to Kentucky was a pardon or a termination of his duty to continue to conform to the terms of Ohio's grant of parole. See Guerrieri v. Maxwell, 174 Ohio St. 40, 44, 186 N.E.2d 614 (1962). In Baker v. Commonwealth, 378 S.W.2d 616 (1964), the Court of Appeals of Kentucky refused to extend its *Rayborn* rule to the situation presented by the case before us. We read it as authority for our present holding.

Petitioner's habeas corpus claim is without merit and the detainer filed by Ohio is valid.

Affirmed.