Charles **HELM**, Petitioner-Appellant,

v.

Arnold R. **JAGO**, Superintendent, Respondent-Appellee.

No. 78–3151.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 27, 1978.

Decided Jan. 3, 1979.

Charles Helm, pro se.

Richard L. Bell, Cincinnati, Ohio [Court-appointed CJA], for petitioner-appellant.

William J. Brown, Atty. Gen. of Ohio, Columbus, Ohio, Leo J. Conway, Simon B. Karas, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee.

Before PHILLIPS, Chief Judge, WEICK, Circuit Judge, and GREEN, Senior District Judge.*

PER CURIAM.

Charles Helm appeals from the denial of his application for a writ of habeas corpus.

---

* Honorable Ben C. Green, Senior Judge, United States District Court for the Northern District of Ohio, sitting by designation.

The question before this court is whether the surrender of an Ohio prisoner to another State, while the prisoner is serving an Ohio sentence, constitutes a relinquishment of jurisdiction, or is equivalent to a pardon or a commutation of that sentence. The Supreme Courts of some states have so held, as recognized by the opinion of this court in *Thompson v. Bannan,* 298 F.2d 611 (6th Cir. 1962).

We affirm the decision of the district court on the ground that the appeal presents a question of State law which has been decided adversely to appellant by the Supreme Court of Ohio. *Helm v. Jago,* 50 Ohio St.2d 168, 363 N.E.2d 1196 (1977); *Guerrieri v. Maxwell,* 174 Ohio St. 40, 186 N.E.2d 614 (1962).

In April, 1969, Helm entered a plea of guilty to a charge of armed robbery in Montgomery County, Ohio. He was sentenced to a term of ten to 25 years in the Ohio State Reformatory at Mansfield. In November 1969, appellant was transferred to Junction City Medical Center, from which he escaped on March 25, 1970.

Appellant was apprehended in Dayton, Ohio, in March 1972. A holder was put on appellant by the Commonwealth of Kentucky for an alleged armed robbery committed by appellant in Kentucky after the Ohio escape. Pursuant to the Interstate Detainer Act of Ohio appellant was surrendered to Kentucky for trial. Appellant was found guilty and sentenced to 15 years imprisonment. Following that conviction, appellant was immediately transferred to the LaGrange Reformatory in Kentucky to serve his sentence. Appellant escaped from LaGrange in November 1973.

In December 1973, appellant again was apprehended in Dayton, Ohio. Appellant was extradited to Kentucky to complete his 15 year sentence there, although he had not yet completed serving time on his original Ohio sentence. Appellant was paroled by the Kentucky Parole Board and in late July 1975 was extradited to Ohio to serve the remainder of the original armed robbery conviction. Appellant was returned to the Mansfield Reformatory in October 1975.

Counsel for appellant stated during oral argument that Helm was placed on parole by Ohio authorities on November 16, 1978. Of course, this does not affect any right he might have to a writ of habeas corpus. *Jones v. Cunningham,* 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1962).

Appellant contends when Ohio surrendered him, on two different occasions, from Ohio confinement to serve a Kentucky sentence, Ohio effectively pardoned appellant or waived jurisdiction over him. This contention was rejected by the Supreme Court of Ohio in affirming the denial of appellant's application for State habeas corpus. The Supreme Court of Ohio said in *Helm v. Jago, supra* :

> The release of an accused by one sovereignty to another, so that the receiving sovereignty may enforce its criminal laws against him, does not constitute a waiver of jurisdiction over the accused, nor does it estop the releasing state from subsequently either enforcing a previously imposed sentence or subjecting the accused to further criminal proceedings. *Murphy v. Maxwell* (1964), 176 Ohio St. 297, 199 N.E.2d 597; *Guerrieri v. Maxwell* (1962), 174 Ohio St. 40, 186 N.E.2d 614; *Heston v. Green* (1963), 174 Ohio St. 291, 189 N.E.2d 86; *Tomkalski v. Maxwell* (1963), 175 Ohio St. 377, 194 N.E.2d 845; *Whitaker v. Maxwell* (1966), 6 Ohio St.2d 202, 217 N.E.2d 223.

50 Ohio St.2d at 169, 363 N.E.2d at 1196.

Affirmed.