**Mark Andrew TIMS, Petitioner,**

v.

**The SHERIFF OF CLARK COUNTY, SPRINGFIELD, OHIO, Respondent.**

No. C–3–82–376.

United States District Court,
S.D. Ohio, W.D.

Aug. 23, 1982.

Mark Andrew Tims, pro se.

## DECISION AND ENTRY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS; TERMINATION ENTRY

RICE, District Judge.

The captioned cause is an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated in a federal correctional facility for undisclosed reasons, claims that his constitutional rights were violated when Respondent, the Clark County Sheriff, after surrendering Petitioner to federal authorities, then filed a detainer with them to reclaim Petitioner upon his release from federal custody. The matter is before the Court for preliminary consideration. 28 U.S.C. § 2254, Rule 4.

In June, 1980, Petitioner pleaded guilty to the offense of aggravated robbery in the Court of Common Pleas of Clark County, Ohio. On July 10, 1980, the state trial court sentenced Petitioner to a term of 6 to 25 years. Thereafter, according to the Petitioner, the Clark County Sheriff, who had been ordered "by the judgment of sentence" to deliver Petitioner to Ohio prison authorities, doc. # 1, instead surrendered him "to the United States Marshals who delivered [him] to the custody of the U.S. Attorney General." *Id.* Evidently, the United States Attorney General then caused Petitioner to be delivered to the place of his current confinement which is the Federal Correctional Institution in Oxford, Wisconsin.

The Petitioner further states that "[t]he sheriff later caused to be filed with the federal officials a detainer, seeking to recovery [his] body whenever [he is] released by the U.S. Attorney General." *Id.* Petitioner does not attack his current confinement. Moreover, he specifically states in his petition that he is "not attacking the validity of the State of Ohio sentence or the Ohio state conviction." *Id.*

The instant action arises solely because of the detainer filed by Respondent. Petitioner claims that "the sheriff's acts or omissions waived the right of the State of Ohio to reclaim his body." *Id.*

The question before the Court is whether the surrender of an Ohio prisoner to federal authorities, while the prisoner is under sentence for an Ohio criminal conviction, constitutes a relinquishment or waiver of jurisdiction over the prisoner by the State of Ohio. For the reasons set forth briefly below, the Court concludes that the State of Ohio has not waived its right to reclaim Petitioner upon his release from federal custody.

In support of his position that Respondent's acts or omissions constitute a waiver of Ohio's right to reclaim him, Petitioner relies on *King v. Texas*, Case No. TX–74–54–CA (E.D.Tex.), portions of which he has attached to his petition. Therein, in an Order dated January 8, 1975, the District Court found "that the State of Texas, through its acts and conducts, lost and/or waived its jurisdiction over the Petitioner after he served part of his State sentence

and his custody was relinquished to another sovereign for prosecution and service of a sentence of said sovereign." *Id.* Having so found, the Court "ORDERED ... that the detainers placed by the State of Texas with the Federal Correctional Institution are hereby in all things declared NULL AND VOID." *Id.*

Petitioner's reliance on *King v. Texas* is wholly misplaced. The question whether the surrender of a prisoner of one sovereign to another sovereign—state or federal—is a "question of State law ...." *Helm v. Jago,* 588 F.2d 1180, 1181 (6th Cir.1979). *See also, Helm v. Jago,* 50 Ohio St.2d 168, 363 N.E.2d 1196 (1977); *Guerrieri v. Maxwell,* 174 Ohio St. 40, 186 N.E.2d 614 (1962). Thus, while the question may have elicited a response favorable to Petitioner were he under sentence for a crime committed in the State of Texas, the answer in Ohio is decidedly and definitively adverse to Petitioner. Under Ohio law, it is well settled that:

> The release of an accused by one sovereign to another, so that the receiving sovereignty may enforce its criminal laws against him, does not constitute a waiver of jurisdiction over the accused, *nor does it estop the releasing state from subsequently either enforcing a previously imposed sentence* or subjecting the accused to further criminal proceedings. *Murphy v. Maxwell* (1964), 176 Ohio St. 297, 199 N.E.2d 597; *Guerrieri v. Maxwell* (1962), 174 Ohio St. 40, 186 N.E.2d 614; *Heston v. Green* (1963), 174 Ohio St. 291, 189 N.E.2d 86, *Tomkalski v. Maxwell* (1963), 175 Ohio St. 377, 194 N.E.2d 845; *Whitaker v. Maxwell* (1966), 6 Ohio St.2d 202, 217 N.E.2d 223.

*Helm v. Jago, supra,* 50 Ohio St.2d at 169, 363 N.E.2d at 1196 (emphasis added). *See also, Helm v. Jago, supra,* 588 F.2d at 1181.

Of the foregoing authority, *Guerrieri v. Maxwell* bears the closest similarity to the instant action. Therein, as here, petitioner made "no attack on the validity of his original conviction in Ohio." 186 N.E.2d at 615. Rather, as is also similar to the claim presented by Petitioner herein, Guerrieri contended:

> [T]hat Ohio, by allowing the federal government to incarcerate him in a federal penitentiary for the violation of a federal statute while he was under a prior sentence by the state of Ohio, relinquished or waived its right to carry into execution the sentence previously imposed upon him by the Ohio Court.

*Id.*

There, as here, "a detainer was filed by Ohio ...." *Id.* 186 N.E.2d at 617. In response to Petitioner's claim that the state of Ohio had waived its "right to put in execution its prior sentence," *id.,* the Ohio Supreme Court stated:

> The release by the state of one in its custody or under sentence by it to the federal government to serve a subsequently imposed federal sentence does not constitute a waiver by the state to carry into execution its previously imposed sentence after the termination of the federal sentence.
>
> The state's right to enforce the sentence imposed by its courts was not exhausted or waived by its consent to federal action. The holding in abeyance of the sentence pending satisfaction by petitioner of the federal penalty and the mere delay in the execution of the Ohio sentence gave no right to the petitioner to a discharge therefrom....
>
> "No legal or constitutional right of the appellant was violated when he was taken into custody by the Federal authorities, or when he was turned over to the custody of the appellee to serve the sentence of the Madison Circuit Court. Due process had been accorded to appellant. *Rooney v. Hunter,* D.C., 1945, 64 F.Supp. 165.["]
>
> ....
>
> *[T]he right of the state to exact the penalty for the non-observance of its penal laws by the accused is not waived but merely held in abeyance pending the payment of the accused's obligation to the federal government.*

*Id.* (citations omitted) (emphasis added).

In denying Guerrieri's petition for state habeas corpus relief, the Ohio Supreme

Court made the following concluding comments:

> He [petitioner] is seeking in this action to circumvent his conviction and escape the penalty of his crime by attempting to use as a shield the subsequent action of the federal government of interposing its penalty before that of the state. This he cannot do. He owed a debt to two different sovereigns. Under our law these debts must be paid, and it is not up to the accused to determine in what order they should be paid.

*Id.* 186 N.E.2d at 618. These comments apply with equal force to the petitioner in the instant action. Whatever may be the law in other states, *see e.g., Thompson v. Bannan,* 298 F.2d 611 (6th Cir.1962), it is absolutely clear, under Ohio law, which this Court is bound to follow, *see Helm v. Jago, supra,* 588 F.2d at 1181, that the detainer filed by Respondent to reclaim Petitioner upon his release from federal custody violates no constitutional rights of this Petitioner.

Wherefore, based on the foregoing, the Court concludes that Petitioner has failed to state a claim upon which relief can be granted under either 28 U.S.C. § 2254, or under 42 U.S.C. § 1983, which Petitioner raises alternatively in his petition. The petition for writ of habeas corpus is hereby dismissed in its entirety. 28 U.S.C. § 2254, Rule 4.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.