779 F.2d 51
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHARLES DAVID HELPHINSTINE, Petitioner-Appellant,
v.
BILL STORY, WARDEN, AND DAVID ARMSTRONG, ATTORNEY GENERAL,
Respondents-Appellees.
 85-5535
 United States Court of Appeals, Sixth Circuit.
 10/28/85
 AFFIRMED
 
 1
 E.D.Ky.
 
 ORDER
 
 2
 BEFORE: KRUPANSKY and MILBURN, Circuit Judges; and JOINER, Senior District Judge*.
 
 
 3
 Petitioner moves for the appointment of counsel on appeal from a judgment dismissing his habeas corpus action filed under 28 U.S.C. Sec. 2254. The appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 The record shows that on February 11, 1974, petitioner pled guilty in Kenton County (Kentucky) Circuit Court on a charge of storehouse breaking. However, he was not sentenced at this time. In March of 1976, petitioner was convicted in federal court for violation of the Gun Control Act. On April 15, 1976, petitioner was arrested and charged with robbing the Snodgrass Distributing Company in Bellevue, Kentucky. He was placed in the Campbell County Jail under a bond of $50,000. On April 27, 1976, petitioner was transferred to Kenton County Jail. On April 29, 1976, his plea of guilty on the storehouse breaking charge was accepted by the Kenton Circuit Court, and he was sentenced to one year imprisonment. Petitioner, who had previously filed a notice of appeal of his federal conviction, then moved to dismiss that appeal and on May 24, ?? motion was granted. On May 27, 1976, petitioner was indicted by the Campbell ?? Jury for the armed robbery of the Snodgrass Distributing Company. On ?? 1976, the Kenton Circuit Court granted petitioner's motion for 'shock ?? under KRS 439.265 on the storehouse breaking charge in Kenton County, and ?? that he be transferred into the custody of the U.S. Marshal. He began serving ?? two year sentence on his federal Gun Control Act conviction, and a detainer was ?? against him by the Campbell Circuit Court. On June 10, 1977, petitioner stood trial in Campbell Circuit Court on the armed robbery charges. He was convicted and sentenced to two consecutive terms of imprisonment of ten years. Subsequently, his conviction was affirmed by the Kentucky Supreme Court. On August 16, 1977, petitioner filed a petition for habeas corpus in Campbell Circuit Court, alleging that Kentucky had waived jurisdiction over him on the armed robbery convictions by unlawfully transferring him into federal custody. Upon consideration, the trial court denied the petition and an appeal was taken to the Kentucky Court of Appeals. On July 13, 1979, the state appellate court affirmed the trial court's decision on the basis that petitioner's rights had not been violated under Kentucky caselaw, the Uniform Extradition Act, or the Interstate Agreement on Detainers. Discretionary review was later denied by the Supreme Court of Kentucky.
 
 
 5
 Having exhausted state remedies, petitioner filed the present habeas corpus action in federal court, presenting the same issue addressed by the state courts. The case was referred to a Magistrate who, on January 28, 1985, issued a report recommending that the action be dismissed. After considering petitioner's objections to the Magistrate's report, the district court adopted the Magistrate's decision and this appeal followed.
 
 
 6
 The question presented in this case is whether the surrender of a Kentucky accused to the federal government, while the accused is facing Kentucky charges, constitutes a relinquishment of jurisdiction over the accused. Upon consideration, this ?? agrees with the district court's conclusion that the question presented is one of rate law which has been decided adversely to petitioner by the Kentucky courts. The ?? therefore is not cognizable in a federal habeas corpus proceeding. Helm v. ?? 588 F.2d 1180, 1181 (6th Cir. 1979); Tims v. Sheriff of Clark County, 550 F.Supp. ?? 845 (S.D. Ohio 1982).
 
 
 7
 In his objections to the Magistrate's report, petitioner has also argued that his ?? process rights under the Fourteenth Amendment were violated by his transfer to ?? custody. However, in a recent opinion, this Court indicated that while state law may create an interest protected by the Due Process Clause, the state's compliance with that law, which was followed here, refutes the constitutional claim. Naegele v. Moulton, ---- F.2d ----, No. 84-5359 (6th Cir. September 23, 1985).
 
 
 8
 It appears that the questions on which decision of this cause depends are so unsubstantial as not to need further argument. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 9
 It is therefore ORDERED that petitioner's motion for appointment of counsel be denied and the judgment of the district court is hereby affirmed.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation