146

(No. 70-61—Decided May 13, 1970.)

*Mr. Joseph Hignite, in propria persona.*
*Mr. Paul W. Brown,* attorney general, and *Mr. James L. Hoover,* for respondents.

*Per Curiam.* This is an action in habeas corpus originating in this court. Petitioner seeks to compel his release from confinement in the Ohio Penitentiary on the alleged ground that his sentence expired September 21, 1968, and that he is unlawfully detained.

Petitioner was convicted of assault with intent to rob and on September 21, 1953, was sentenced for a term of one to 15 years in the penitentiary. In September 1959, he was paroled. In June 1960, he left Ohio without authorization and went to Kentucky. On July 1, 1960, he was arrested by Kentucky authorities, and on July 6, 1960, he was declared a parole violator in accordance with the provisions of R. C. 2967.15. Ohio authorities forwarded a warrant to Kentucky but before its receipt petitioner had already been released.

In October 1960, petitioner was arrested by federal authorities on a stolen car violation and sentenced to two years. Detainers were filed with federal authorities by both Ohio and Tennessee. Upon termination of the federal sentence, petitioner was released to Tennessee. In Tennessee, he was convicted of voluntary manslaughter and sentenced to a term of two to five years. After the expira-

tion of his Tennessee sentence on November 29, 1965, petitioner was returned to Ohio.

It is petitioner's contention that the Adult Parole Authority usurped judicial authority by extending his sentence beyond 1968.

As has been pointed out many times, the period during which one is at large as a parole violator is not credited on one's sentence. *Cline* v. *Haskins* (1964), 175 Ohio St. 480; *Smouse* v. *Perini* (1968), 16 Ohio St. 2d 13.

R. C. 2967.15 specifically provides that:

"* * * the time from the date of the declared violation of his pardon or parole to the date he becomes available for return to the institution *shall not be counted as a part of time or sentence served.*" (Emphasis added.)

Under the terms of that statute, the period from July 6, 1960, when petitioner was declared a parole violator, to November 29, 1965, when petitioner became "available for return to the institution," is not to be counted as part of time or sentence served. Thus, the parole board did not extend his sentence; it merely changed his date of release to comply with the requirements of the law. *Ryder* v. *Perini* (1969), 20 Ohio St. 2d 3; *Cox* v. *Maxwell* (1965), 1 Ohio St. 2d 111.

The fact that petitioner was incarcerated in another state during a portion of this time has no effect on petitioner's obligation to serve his sentence in Ohio.

*Petitioner remanded to custody.*

O'NEILL, C. J., LEACH, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.*

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.

---

*CHIEF JUSTICE TAFT participated in this case which was, however, decided after his death.