[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 381.]

THE STATE EX REL. GILLEN, APPELLANT, *v.* OHIO ADULT PAROLE AUTHORITY
ET AL., APPELLEES.

[Cite as *State ex rel. Gillen v. Ohio Adult Parole Auth.*, 1995-Ohio-57.]

*Criminal law—Parole violator not entitled to credit under R.C. 2967.191 for time
served in New York while he was a parole violator, when.*

(No. 94-2578—Submitted March 21, 1995—Decided June 28, 1995.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD05-615.

————————————

{¶ 1} Appellant, Ronald Gillen, sought a writ of mandamus from the Court of Appeals for Franklin County to compel appellee, the Ohio Adult Parole Authority, to credit time served while he was incarcerated in the state of New York to his Ohio sentence. The court of appeals found that appellant had submitted no evidence as to why he was incarcerated in New York, concluded that he was not available to appellee until May 16, 1991, when he was returned to Ohio, and denied the writ. Appellant appeals to this court as a matter of right.

————————————

*Ronald Gillen, pro se.*

*Betty D. Montgomery*, Attorney General, and *William J. McGinnis*, Assistant Attorney General, for appellees.

————————————

*Per Curiam.*

{¶ 2} We affirm the judgment of the court of appeals.

{¶ 3} Appellant claims credit under R.C. 2967.191 for time served in New York while he was a parole violator. The court of appeals found that appellant had submitted no evidence indicating why he was incarcerated in New York. Appellant did submit a letter from the Onondaga County, New York Sheriff's Department,

which appears to indicate that he was being held in New York as an Ohio parole violator and on charges filed there. Appellant argues that so long as he was being held as a parole violator, all else is irrelevant, and he must be credited with time served under R.C. 2967.191. We draw the opposite conclusion. Former R.C. 2967.15 provided in part that if a parolee is declared a parole violator, "the time from the date of the declared violation of his * * * parole to the date he becomes available for return to the institution shall not be counted as a part of the time or sentence served."[1] Appellant's evidence is, at best, ambiguous as to his availability for return. Mandamus requires a showing of a clear right to relief.

{¶ 4} Next, appellant argues that R.C. 2929.41(A) requires that his Ohio sentence be credited with New York jail time. That section states in part:

"In any case, a sentence of imprisonment for misdemeanor shall be served concurrently with a sentence of imprisonment for felony served in a state or federal penal or reformatory institution."

{¶ 5} R.C. 2929.41 sets statutory requirements for sentencing by Ohio courts. It has no application to sentences in New York and does not require the Ohio Adult Parole Authority to allow credit for sentences served in New York.

{¶ 6} Finally, appellant argues that because he was available for extradition from New York, he was available to appellee while in New York, within the meaning of R.C. 2967.15. However, we have long held that the state of Ohio has no duty to pursue and take custody of a parole violator in another state. *Cline v. Haskins* (1964), 175 Ohio St. 480, 26 O.O. 2d 91, 196 N.E. 2d 440; *Whitaker v. Maxwell* (1966), 6 Ohio St. 2d 202, 35 O.O. 2d 313, 217 N.E. 2d 223.

{¶ 7} Nor does our decision in *State ex rel. Moon v. Ohio Adult Parole Auth.* (1970), 22 Ohio St. 2d 29, 51 O.O. 2d 60, 257 N.E. 2d 740, require a different

---

1. By Am.Sub.H.B. No. 448, R.C. 5901.02 was amended effective July 22, 1994. Under this amended version, *inter alia*, the language allowing the common pleas court judge to reject recommendations and request additional recommendations has been deleted.

conclusion.  In *Moon*, we found a parole violator "available for return," within the meaning of R.C. 2967.15, where (1) he was incarcerated for about six months in an *Ohio* jail awaiting trial on a new felony charge, (2) he had his parole actually revoked by the authority within weeks of being arrested, and (3) the new charge was actually dismissed at the end of the six-month period.  As such*, Moon* constitutes a narrow exception to R.C. 2967.15's proscription against crediting the sentence of a parole violator, and it has no application to this case.

**{¶ 8}** The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

––––––––––––––––––