JOURNAL ENTRY AND OPINION
Appellant, Leonard Jordan, is appealing the trial court's order denying his motion to grant credit for time served. For the following reasons, we affirm.
Appellant was indicted on two counts of drug trafficking, one count of violation of drug law, and one count of possession of criminal tools. He did not appear and a capias was issued on August 17, 1995. On July 16, 1997, appellant was arrested in Nevada. He waived extradition. Appellant was incarcerated in Nevada until September 29, 1997, when he was extradited to Ohio. On October 7, 1997, he arrived at the Cuyahoga County jail.
Appellant pled guilty to two counts of attempted drug trafficking (Count 1 and 2) and one count of possession of criminal tools (Count 4). He was sentenced to two years on count one, two years on count two, and one year on count 4, to run consecutively.
On June 17, 1998, appellant filed a Motion to Reduce Sentence. He requested the sentence be reduced by the 85 days he was in prison in Nevada. The trial court denied this motion.
On March 15, 1999, appellant again moved for jail-time credit, for the jail time in Nevada. The trial court denied the motion, stating that it lacked jurisdiction to grant credit for time served from other jurisdictions.
Appellant's sole assignment of error states:
 THE TRIAL COURT ERRED BY DENYING APPELLANT AND (SIC) ADDITIONAL (85) DAYS JAIL-TIME CREDIT, FOR WHICH THE APPELLANT WAS HELD FOR EXTRADITION IN CLARK COUNTY, NEVADA ARISING OUT OF THE OFFENSE FOR WHICH THE APPELLANT WAS CONVICTED AND SENTENCED IN CUYAHOGA COUNTY COURT OF COMMON PLEAS CASE NUMBER: CR326396.
R.C. 2967.191 provides that a prison term shall be reduced by the number of days confined which arose out of the offense for which the prisoner was convicted and sentenced. Appellant is not entitled to credit for time served in another jurisdiction for another offense. See State ex. rel. Gillen v. Ohio Adult Parole Authority (1995), 72 Ohio St.3d 381; State v. McWilliams (1998),126 Ohio App.3d 398. The record does not demonstrate whether appellant was held in Nevada on Nevada charges, or solely because he was awaiting extradition to Ohio. Appellant has failed to demonstrate that the Nevada jail time arose out of the offenses in this case. The trial court did not err in denying appellant's motion for jail-time credit.
Accordingly, appellant's assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
JAMES M. PORTER, J., CONCURS KILBANE, J., DISSENTS (SEE ATTACHED DISSENTING OPINION)
ANN DYKE, ADMINISTRATIVE JUDGE