The STATE ex rel. AMBURGEY

v.

RUSSELL, Warden.

[Cite as *State ex rel. Amburgey v. Russell* (2000), 139 Ohio App.3d 857.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA99–11–130.

Decided Oct. 16, 2000.

858

Claude Amburgey, Jr., pro se.

Betty D. Montgomery, Attorney General, and Philip A. King, Assistant Attorney General, Corrections Litigation Section, for respondent.

POWELL, Presiding Judge.

This cause is before the court pursuant to a petition for a writ of mandamus filed by relator, Claude Amburgey, Jr., on November 22, 1999. Amburgey contends that he is entitled to a credit of nine hundred twenty-eight days toward the time he must serve as a result of an attempted burglary conviction in 1993. Amburgey is currently incarcerated at the Lebanon Correction Institution in Lebanon, Ohio, where respondent, Harry K. Russell, is the warden.

The underlying procedural history of this matter is somewhat complex. Amburgey was sentenced to serve an indefinite sentence of no less than three years but no more than ten years for the offense of attempted burglary on May 6, 1993. On March 6, 1995, Amburgey was granted parole. At some time thereafter, he apparently moved to Kansas. On December 20, 1995, Amburgey was convicted of robbery in the Sedwick County Kansas District Court and sentenced to a term of forty-one months of imprisonment. The sentencing entry specifically states that the forty-one-month term "runs concurrent to prior sentence in the State of Ohio."

On January 2, 1996, Amburgey was declared to be a parole violator in Ohio. On or about March 13, 1996, the Ohio Department of Rehabilitation and Correction filed a detainer for Amburgey with the Kansas Department of Corrections. On July 18, 1998, after serving his Kansas sentence, Amburgey was returned to the custody of the Ohio Department of Rehabilitation and Correction to continue serving his (reimposed) attempted burglary sentence. Nine hundred twenty-eight days were added to Amburgey's sentence, reflecting the time between January 2, 1996 (when Amburgey was declared to be a parole violator) and July 18, 1998 (when Amburgey was returned to Ohio).

In his petition for a writ of mandamus, Amburgey argues that his attempted burglary sentence should not have been increased by nine hundred twenty-eight days because the Kansas court specifically ordered his Kansas sentence to run concurrently with his Ohio sentence. Amburgey therefore contends that he is entitled to an order directing respondent to credit him with nine hundred twenty-eight days of time served.

Ohio law provides that the time between the date on which a person who is a parolee is declared to be a violator or violator-at-large and the date on which that person is returned to custody in the state of Ohio under the immediate control of the Adult Parole Authority shall not be counted as time served under the sentence imposed on that person. R.C. 2967.15(C)(1). A review of Ohio case law reveals that this has long been the established rule in Ohio. See *Gillen v. Ohio Adult Parole Auth.* (1995), 72 Ohio St.3d 381, 650 N.E.2d 454; *Hignite v. Cardwell* (1970), 22 Ohio St.2d 146, 51 O.O.2d 220, 258 N.E.2d 443; *Armstrong v.*

*Haskins* (1964), 176 Ohio St. 422, 27 O.O.2d 387, 200 N.E.2d 311; *Bush v. Maxwell* (1963), 175 Ohio St. 207, 24 O.O.2d 285, 192 N.E.2d 774. The record office of the Ohio Department of Rehabilitation and Correction followed the provisions of R.C. 2967.15(C)(1) and the above cases by adding nine hundred twenty-eight days to Amburgey's sentence.

The unique aspect of the case now before us is that the Kansas journal entry sentencing Amburgey for robbery specifically states that "[t]his term runs concurrent to prior sentence in the State of Ohio." The issue of whether the Ohio Department of Rehabilitation and Correction is required to follow the sentencing order of a foreign court regarding concurrent sentences is apparently an issue of first impression in Ohio.

■ As a preliminary matter, it must be observed that the order of the Kansas District Court with respect to concurrent sentences was technically inaccurate because Amburgey was not subject to an Ohio sentence at the time he was sentenced in Kansas. He was on parole, and was not even declared to be a parole violator until January 2, 1996, thirteen days after he was sentenced in Kansas. Therefore, at the time he was sentenced in Kansas, Amburgey had no Ohio sentence that his Kansas sentence could run concurrently with.

■ Assuming that Amburgey did have an Ohio sentence at the time that his Kansas sentence was imposed, Amburgey's sentence still could have been imposed consecutively despite the Kansas directive. Revocation of probation and imposition of sentence is a discretionary matter. R.C. 2951.09; *State v. McMullen* (1983), 6 Ohio St.3d 244, 6 OBR 312, 452 N.E.2d 1292. An Ohio court sentencing on a probation violation would not be required to follow a foreign directive that the sentence be imposed concurrently. See *State v. Conti* (1989), 57 Ohio App.3d 36, 565 N.E.2d 1286; R.C. 2929.41(B)(3). We therefore conclude that the Parole Board was not legally required to credit Amburgey for the time he served in Kansas.

Addressing Amburgey's argument from a constitutional perspective (and assuming that Amburgey had an Ohio sentence at the time the Kansas judge ordered the sentences to run concurrently), we again conclude that the Parole Board was not required to follow the Kansas order to run Amburgey's sentences concurrently.

■ Section 1, Article IV of the United States Constitution, often referred to as the "Full Faith and Credit Clause," reads in part as follows:

"Full Faith and Credit shall be given in each State to the Public Acts Records and Judicial Proceedings of every other State."

■ However, the Supreme Court has held that strict application of the Full Faith and Credit Clause is not required under some circumstances. See *Barker v. State* (1980), 62 Ohio St.2d 35, 37, 16 O.O.3d 22, 23–24, 402 N.E.2d 550, 552, and cases cited therein.

■ One exception to strict application of the Full Faith and Credit Clause is made with respect to judgments from foreign states that are "penal in the 'international sense,' such as those resulting from state criminal convictions." *Barker* at 38, 16 O.O.3d at 24, 402 N.E.2d at 553. The reason behind this exception is that individual states have a unique interest in punishing those who violate their laws apart from any foreign state or jurisdiction. " 'The proper place for punishment is where the crime is committed, and no society takes concern in any crime but what is hurtful to itself * * * because no court reckons itself bound to punish, or to concur in punishing, any delict committed *extra territorium.*' " *Barker* at 39, 16 O.O.3d at 24, 402 N.E.2d at 553, quoting Kames on Equity (3 Ed.) 326, 366; Story's Conflicts of Law, 600, 622.

In this case, Amburgey was convicted and sentenced under Ohio law and then, as a matter of grace, was granted parole. Amburgey violated his parole by committing a crime in Kansas for which he was incarcerated in Kansas. Ohio has a law, R.C. 2967.15(C)(1), which states that a person who violates parole and is declared to be a violator or violator-at-large is not entitled to count as time served the period between the time the person is declared to be a violator and the date he is returned to the custody of the state of Ohio. The Kansas judge, in an *extraterritorial* sentencing decision, attempted to circumvent R.C. 2967.15(C)(1) by running Amburgey's Kansas sentence "concurrent to prior sentence in the state of Ohio." Presumably, this meant any sentence that might be imposed as a result of Amburgey's parole violation. The record does not indicate whether the Kansas judge knew about the provisions of R.C. 2967.15(C)(1).

■ Under these circumstances, we conclude that the state of Ohio, by and through the Adult Parole Authority, has the right to enforce its own statute, which was lawfully enacted and applicable to Amburgey. See *Alaska Packers Assn. v. Indus. Accident Comm.* (1935), 294 U.S. 532, 546, 55 S.Ct. 518, 523, 79 L.Ed. 1044, 1051. Parole is intended to be a means of restoring offenders who are good social risks to society. Unless a parole violator can be required to serve time in prison in addition to that imposed for an offense committed while on parole, he escapes punishment for the unexpired portion of his original sentence, and the disciplinary authority of the Parole Board is undermined.

■ To be entitled to a writ of mandamus, the relator must demonstrate a clear legal right to have the requested act performed by the particular officer he seeks to have compelled to have perform it. *State ex rel. Skinner Engine Co. v.*

*Kouri* (1940), 136 Ohio St. 343, 16 O.O. 492, 25 N.E.2d 940. For the reasons stated above, this court finds that Amburgey has no clear right, and respondent has no clear legal duty, to credit Amburgey's sentence with nine hundred twenty-eight days of time served while imprisoned in the state of Kansas. The petition for writ of mandamus is therefore denied.

*Petition denied.*

WALSH and VALEN, JJ., concur.