JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant Darnell E. Whitfield pled guilty to burglary and was sentenced to a prison term of two years. On appeal, defendant challenges the voluntariness of his plea and matters relating to his sentencing. For the reasons that follow, we affirm in part, reverse in part and remand.
 {¶ 2} On May 2, 2001, defendant was indicted on one count of aggravated burglary under R.C. 2911.11. At the time of the first pretrial, defendant was on bond in this case as well as a case involving unrelated charges pending in federal court. (T. 12). Subsequently, defendant began serving a prison term on the federal charges.
 {¶ 3} Defendant returned to Cuyahoga County Jail on February 22, 2002, in connection with the instant burglary offense. On March 21, 2002, defendant pled guilty to the amended charge of burglary, under R.C. 2911.12, a felony of the second degree. At that time, both the court and defense counsel advised defendant of his constitutional rights. The court made further inquiry into defendant's ability to enter and understand his plea. Defendant pled guilty to an amended charge of burglary as codified in R.C. 2911.12. The court advised defendant of the potential consequences and sentences associated with his plea to the second degree felony. After accepting defendant's guilty plea, the court sentenced defendant for a term of two years to be served concurrently with his federal sentence and commencing on March 21, 2002.
 {¶ 4} We will address defendant's assignments of error in the order presented.
 {¶ 5} "I. Defendant was subjected to multiple punishments in violation of the Fifth Amendment when he was not granted credit for jail time."
 {¶ 6} R.C. 2967.191 provides, in pertinent part, as follows: "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * *." Under this provision, defendant is entitled to credit for only those times he was confined in connection with the instant burglary offense. He is not entitled to credit for time served while incarcerated in another jurisdiction for offenses unrelated to the burglary offense. State v. Jordan (Aug. 10, 2000), Cuyahoga App. No. 76488, citing State ex. rel. Gillen v. OhioAdult Parole Authority (1995), 72 Ohio St.3d 381; State v. McWilliams
(1998), 126 Ohio App.3d 398.
 {¶ 7} It is undisputed that defendant remained in Cuyahoga County Jail for 29 days, beginning February 22, 2002, and that this confinement arose from the burglary offense. Yet, the trial court ordered "defendant receive no jail time credit." (R. 20). While defendant is not entitled to credit for time served while incarcerated in another jurisdiction for other offenses, he is entitled to credit for the 29 days served in the Cuyahoga County Jail awaiting disposition on the burglary offense. R.C.2967.191. This assignment of error is sustained accordingly.
 {¶ 8} "II. Defendant was denied due process of law when the court did not properly inform defendant of the nature of the offense to which he was entering a plea of guilty."
 {¶ 9} Defendant claims that it cannot be said that defendant entered a voluntary and knowing plea in the absence of a statement of the elements of the offense on the record. We disagree.
 {¶ 10} Crim.R. 11(C)(2)(a) provides, in pertinent part, as follows:
 {¶ 11} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and * * *
 {¶ 12} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and the maximum penalty involved * * *."
 {¶ 13} It is well settled that a court need only substantially comply with Crim.R. 11(C) when accepting a guilty plea. State v. Mullins
(Dec. 7, 2000), Cuyahoga App. No. 77513, citing State v. Elswick (Nov. 22, 1995), Cuyahoga App. No. 68731. "`Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understood the implications of his plea and the rights he waived.'"Mullins, supra, quoting State v. Dudley (Oct. 20, 1995), Trumbull App. No. 93-T-4907 [other citations omitted].
 {¶ 14} We have repeatedly held that "courts are not required to explain the elements of each offense, or even to specifically ask the defendant whether he understands the charges, unless the totality of the circumstances shows that the defendant does not understand the charges."State v. Cobb (Mar. 8, 2001), Cuyahoga App. No. 76950, citing State v.Mullins, supra, citing State v. Kavlich (June 15, 2000), Cuyahoga App. No. 77217, citing State v. Rainey (1982), 3 Ohio App.3d 441, 442; Statev. Swift (1993), 86 Ohio App.3d 407, 412; State v. Aponte (Mar. 9, 2000), Franklin App. Nos. 99AP-695, 99AP-696; State v. Burks (Nov. 13, 1997), Cuyahoga App. No. 71904.
 {¶ 15} The totality of the circumstances indicates that the defendant understood the charges against him. The record reflects that the court made extensive inquiry of defendant and his ability to understand and enter his plea. The court advised defendant of his constitutional rights, the charges against him and the consequences and penalties associated with his plea. Defendant indicated that he understood the foregoing and that he had no questions. There is no indication that the defendant did not understand the nature of the burglary charge against him. Accordingly, this assignment of error is overruled.
 {¶ 16} "III. Defendant was denied due process of law when the court did not conduct a proper sentencing hearing."
 {¶ 17} This assignment lacks merit. It is within the court's power to proceed with judgment and sentencing immediately following the plea.State v. Monticco (May 18, 1989), Cuyahoga App. No. 55508; Crim.R. 11(C)(2)(b). After accepting the plea and prior to sentencing, the court provided both defense counsel and defendant an opportunity to address the court, which they did. Further, defendant did not object to proceeding with sentencing following his plea. The record reflects that the trial court held a proper sentencing hearing in this case.
 {¶ 18} The defendant also contends that the trial court failed to properly advise him that his sentence included post-release control. However, the court did advise defendant that he would be subject to post-release control and this is further elaborated in the court's journal entry providing that "post release control is part of this prison sentence for the maximum period allowed for [Burglary ORC 2911.12, a felony of the second degree] under R.C. 2967.28." (R. 20). Subsequent to advising defendant of post-release control, the court inquired as to whether defendant understood, and he answered "yes." We find that the trial court adequately advised defendant of this aspect of his sentence as required by Woods v. Telb (2000), 89 Ohio St.3d 504. Accordingly, this assignment of error is overruled.
Judgment affirmed in part; reversed in part and cause remanded with instructions to credit defendant with 29 days of time served.
Colleen Conway Cooney, J., concurs.
 Diane Karpinski, J., concurs with separate concurring opinion (Seeseparate concurring opinion attached).