[Cite as *State v. Bell*, 2016-Ohio-4630.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150391 |
| Plaintiff-Appellee, | : | TRIAL NO. B-1004160 |
| vs. | : | |
| | | *O P I N I O N.* |
| TIMOTHY BELL, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed as Modified

Date of Judgment Entry on Appeal:  June 29, 2016


*Michael DeWine*, Ohio Attorney General, and *Gene D. Park*, Assistant Attorney General, for Plaintiff-Appellee,

*Timothy Bell,* pro se.

**FISCHER, Judge.**

{¶1} Defendant-appellant Timothy Bell appeals the Hamilton County Common Pleas Court's judgment overruling his "Motion to Suspend Further Execution of Sentence." We affirm the court's judgment as modified.

{¶2} In June 1989, in the case numbered B-892066, Bell was convicted of aggravated burglary and theft and was sentenced to concurrent prison terms of five to 25 years. In February 1999, he was paroled. Thereafter, his parole was revoked for various violations of the terms of his parole. But each time, he was again paroled until, in 2008, he was returned to prison following his conviction in the case numbered B-0805225, for drug trafficking. In 2009, he was again paroled, but he returned to prison in 2010, this time upon his conviction in the case numbered B-1004160, for attempted escape.

{¶3} In June 2015, Bell sought immediate release from prison by filing with the Hamilton County Common Pleas Court, in both his 1989 aggravated-burglary-and-theft case and his 2010 attempted-escape case, a "Motion to Suspend Further Execution of Sentence." The common pleas court overruled the motion in only the 2010 case, and it is from that judgment that Bell appeals.

{¶4} On appeal, Bell presents a single assignment of error, challenging the overruling of his motion. We find no merit to this challenge.

### No Jurisdiction to Grant the Relief Sought

{¶5} R.C. 2967.15 governs the arrest and disposition of a parolee who has violated a condition of his parole. Under R.C. 2967.15(C), when a parolee absconds from the supervision of the Ohio Adult Parole Authority, the parole authority must declare the parolee a "violator at large," and the time between that declaration and

the parolee's return to the control of the parole authority, informally known as "lost time," cannot be counted as time served under his sentence.

{¶6} *Not a motion in arrest of judgment.* In his motion, Bell asked the common pleas court to "suspend the further execution of [his] sentence, and grant [him] time served," because the Ohio Department of Rehabilitation and Correction had failed, in response to his request, to produce any documentation showing that he had been declared a parole "violator at large" for purposes of R.C. 2967.15(C) and was thus subject to the statute's tolling provision. He sought relief "[p]ursuant to R.C. 2947." R.C. Chapter 2947 deals generally with postverdict and sentencing proceedings. R.C. 2947.02 et seq. permits a court to "arrest" a judgment of conviction, but only upon a motion made within three days of the verdict and only if the court lacks jurisdiction over the offense or if the facts alleged in the indictment or information do not constitute an offense. R.C. 2947.02 and 2947.03. Bell's motion was filed over 16 years after the verdict in his case, and his motion did not seek relief based on either a jurisdictional or indictment deficiency. Thus, "R.C. 2947" did not provide a means for obtaining the relief sought in the motion.

{¶7} *Not postconviction or declaratory relief or mandamus.* Bell's motion did not otherwise specify a statute or rule under which the relief sought might have been afforded. Therefore, the common pleas court was free to "recast" the motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 and syllabus.

{¶8} R.C. 2953.21 et seq., governing the proceedings upon a petition for postconviction relief, provide "the exclusive remedy by which a person may bring a

collateral challenge to the validity of a conviction or sentence in a criminal case." R.C. 2953.21(J). But to prevail on a postconviction claim, the petitioner must demonstrate an infringement of his rights in the proceedings resulting in his conviction that rendered the conviction void or voidable under the state or federal constitution. *See* R.C. 2953.21(A)(1); *State v. Powell*, 90 Ohio App.3d 260, 264, 629 N.E.2d 13 (1st Dist.1993). Bell's motion sought relief based on a statutory, rather than a constitutional, violation. And the alleged violation occurred following, rather than during, the proceedings resulting in his conviction. Thus, his motion was not reviewable under the standards provided by the postconviction statutes.

{¶9} Courts have entertained challenges to the tolling under R.C. 2967.15(C) of time served, brought by a prisoner in a petition for a writ of mandamus under R.C. Chapter 2731, *see, e.g., State ex rel. Gillen v. State Adult Parole Auth.*, 72 Ohio St.3d 381, 650 N.E.2d 454 (1995); *State ex rel. Amburgey v. Russell*, 139 Ohio App.3d 857, 745 N.E.2d 1134 (12th Dist.2000), or in a claim or action for a declaration of rights pursuant to R.C. Chapter 2721, Ohio's Declaratory Judgment Act. *See, e.g., Davis v. Dept. of Rehabilitation and Corr.*, 10th Dist. Franklin No. 14AP-337, 2014-Ohio-4589; *Coleman v. State Adult Parole Auth.*, 4th Dist. Ross No. 97CA2302, 1997 Ohio App. LEXIS 5250 (Nov. 19, 1997). But an "[a]pplication for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit." R.C. 2731.04. And "[W]hen declaratory relief is sought * * * in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding." R.C. 2721.12(A). Bell's motion did not satisfy the procedural requirements for, and was thus not reviewable as, either a petition for a

writ of mandamus or a claim or action for declaratory relief. *See Fuller v. German Motor Sales, Inc.*, 51 Ohio App.3d 101, 103, 554 N.E.2d 139 (1st Dist.1988) (holding that a "motion" for declaratory judgment filed in a criminal case is "procedurally incorrect and inadequate" to invoke the jurisdiction of a court under R.C. Chapter 2721); *accord State v. Braggs,* 1st Dist. Hamilton No. C-130073, 2013-Ohio-3364, ¶ 4.

{¶10} *Habeas corpus.* Rather, R.C. Chapter 2725, governing habeas corpus, provides the proper procedure for a prisoner who, like Bell, claims an entitlement to immediate release from prison based on an alleged "lost time" error. *See State ex rel. Lemmon v. State Adult Parole Auth.*, 78 Ohio St.3d 186, 677 N.E.2d 347 (1997); *Armstrong v. Haskins*, 176 Ohio St. 422, 200 N.E.2d 311 (1964). Thus, Bell's motion was reviewable under the standards provided by the habeas corpus statutes.

{¶11} But the jurisdiction to issue a writ of habeas corpus to compel the production or discharge of an inmate of a correctional institution is conferred only upon a court of the county in which that institution is located. R.C. 2725.03. And the documents offered by Bell in support of his motion indicated that he was incarcerated not in Hamilton County, Ohio, but at Chillicothe Correctional Institution in Ross County, Ohio. Thus, the court below lacked jurisdiction to grant Bell relief in habeas corpus.

{¶12} *Void sentence.* Finally, a court always has jurisdiction to correct a void judgment. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. But the alleged "lost time" error, even if demonstrated, would not have rendered Bell's conviction void.

*Judgment is affirmed as Modified*

{¶13}  Upon our determination that the common pleas court properly denied Bell the relief sought in his postconviction "Motion to Suspend Further Execution of Sentence," we overrule the assignment of error.  Because the court had no jurisdiction to entertain the motion on its merits, the motion was subject to dismissal.  Accordingly, upon the authority of App.R. 12(A)(1)(a), we modify the judgment from which Bell has appealed to reflect the dismissal of the motion.  And we affirm the judgment as modified.

Judgment affirmed as modified.

CUNNINGHAM and STAUTBERG, JJ., concur.


Please note:

The court has recorded its entry on the date of the release of this opinion.