[Cite as *Chapin v. Bradley*, 2016-Ohio-7441.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| Bradley K. Chapin | : | |
| Petitioner, | : | Case No. 16CA12 |
| v. | : | |
| Charles Bradley, Warden | : | DECISION AND JUDGMENT ENTRY |
| Pickaway Correctional Institution, | : | |
| Respondent. | : | **RELEASED: 10/19/16** |
| | : | |

_____

HOOVER, J.

{¶1} Bradley K. Chapin filed a habeas corpus petition seeking his immediate release from the Pickaway Correctional Institute on the ground that the state is holding him beyond his maximum sentence. The state filed a motion to dismiss the petition on the ground that while Chapin was released on parole, he committed federal crimes and served federal prison sentences that are not counted towards his state sentence. Thus, Chapin has failed to establish that he has served his maximum sentence. We find that because Chapin was released on parole and declared to be a violator, the time between the date on which he was declared a violator and the date on which he returned to custody in this state under immediate control of the Adult Parole Authority (APA) shall not be counted as time served under his Ohio sentence. Therefore, Chapin has failed to establish that his maximum sentence has expired. Respondent's motion for summary judgment is **GRANTED.** Petition is **DISMISSED.**

I. Procedural History

**{¶2}** In June 1983, Chapin entered a guilty plea to one count of theft of drugs with a firearm and one count of drug abuse. The trial court sentenced Chapin on the theft with firearm count to 4 to 25 years, with 4 years actual and an additional 3 years of actual incarceration for the firearm violation, and 2 to 5 years on the drug abuse count, to be served concurrently with the sentences on the theft/firearm count. He received 64 days of jail time credit. (Entry, Chapin Exhibit A)

**{¶3}** Chapin was paroled in August 1990. In August 1991, while released on parole Chapin pleaded guilty to armed bank robbery and a federal court sentenced him to a 210-month federal prison term (17 years, 6 months) with 5 years of supervision. (Sentence Monitoring Computation, Chapin Exhibit B) However, while being held on the armed bank robbery charge, Chapin escaped from custody for several hours. The federal court sentenced him to an additional consecutive term of 27 months for escape (2 years, 3 months) with 3 years of supervision. (Chapin Exhibit B). In 2006, while serving his federal sentence in a Pennsylvania prison, he was charged with assault/bodily injury. The federal court sentenced him to 84 months (7 years), with 3 years supervision. (Chapin Exhibit B)

**{¶4}** In total, Chapin was incarcerated in federal prison from January 1992 to December 2015, approximately 24 years. After his release, Chapin returned to state custody in the Correction Reception Center, Pickaway County, Ohio.  The Ohio Adult Parole Authority revoked his parole in January 2016 based on the 1991 armed bank robbery conviction and the circumstances surrounding it. Chapin is currently incarcerated in the Pickaway Correctional Institution.

**{¶5}**    Chapin argues that his maximum state incarceration term was 28 years (25 years, plus 3 for the firearm) and that he started serving it in 1983 and it expired on April 4, 2011.[1] Therefore, he argues that the APA usurped custody of him and unlawfully extended his sentence when it revoked his parole in 2016 and incarcerated him with a maximum sentence expiration date of 2035.

**{¶6}**    The state argues that Chapin's maximum state prison sentence is 28 years, but that he had served only 8 years of it at the time he committed armed bank robbery and began his federal prison term. While Chapin was serving federal prison time, he was not serving his state term and is not entitled to receive credit against it for time served in federal prison. Therefore, when Chapin was released from federal prison in late 2015, he still had about 20 years left on his state term and he is not entitled to be released until 2035.

## II. Standard of Review

**{¶7}**    The state filed a combined motion to dismiss for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6) and motion for summary judgment under Civ.R. 56(C).

**{¶8}**    "A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint." *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11.  In order for a court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts

---

[1] In his petition, Chapin questioned whether his firearm sentence was consecutive to his drug theft sentence. The state addressed this issue and in a subsequent filing Chapin conceded this issue.

in support of the claim that would entitle the plaintiff to the relief sought. *Ohio Bur. Of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 12; *Rose v. Cochran*, 4th Dist. Ross No. 11CA3243, 2012-Ohio-1729, ¶ 10. This same standard applies in cases involving claims for extraordinary relief, including habeas corpus. *Boles v. Knab*, 130 Ohio St.3d 339, 2011-Ohio-5049, 958 N.E.2d 554, ¶ 2 ("Dismissal under Civ.R. 12(B)(6) for failure to state a claim was warranted because after all factual allegations of Boles's petition were presumed to be true and all reasonable inferences therefrom were made in his favor, it appeared beyond doubt that he was not entitled to the requested extraordinary relief in habeas corpus").

{¶9} The state attached additional APA documents to its motion in support of its argument. Because we must go beyond the face of the complaint and consider matters outside the pleading to make a determination, we deny the state's Civ.R. 12(B)(6) motion to dismiss and address the state's Civ.R. 56(C) motion for summary judgment. *See JNS Enterprises, Inc. v. Sturgell,* 4th Dist. Ross No. 05CA2814, 2005-Ohio-3200, ¶8 (If a motion to dismiss or opposing memoranda refers to or depends on matters outside the pleadings, the court must deny the motion to dismiss).

{¶10} Summary judgment is appropriate if the party moving for summary judgment establishes that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, which is adverse to the party against whom the motion is made. Civ.R. 56(C); *New Destiny Treatment Ctr., Inc. v. Wheeler*, 129 Ohio St.3d 39, 2011–Ohio–2266, 950 N.E.2d 157, ¶ 24; *Settlers Bank v. Burton*, 4th Dist. Washington Nos.

12CA36 and 12CA38, 2014–Ohio–335, ¶ 20. The moving party has the initial burden, by pointing to summary judgment evidence, of informing the trial court of the basis for the motion and identifying the parts of the record that demonstrate the absence of a genuine issue of material fact on the pertinent claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). Once the moving party meets this initial burden, the nonmoving party has the reciprocal burden under Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial. *Id.*

### III. Law and Analysis

**{¶11}** Habeas corpus petitions are governed by R.C. 2725. Habeas corpus is available when an individual's maximum sentence has expired and he is being held unlawfully. "[H]abeas corpus will lie to challenge a decision of the APA to revoke parole only in extraordinary cases where the petitioner is entitled to immediate release from confinement." *Pryor v. Lazaroff*, 131 Ohio App.3d 617, 619, 723 N.E.2d 178 (4th Dist. 1999). In habeas corpus cases, the burden of proof is on the petitioner to establish his right to release. *Chari v. Vore*, 91 Ohio St.3d 323, 325, 744 N.E.2d 763 (2001).

**{¶12}** Chapin alleges that he is entitled to immediate release from confinement because he began serving his 28-year maximum state term in 1983 and it expired in April 2011. He claims that he is entitled to have the time he served on parole and in federal custody credited towards his maximum state term. Therefore, when he was released from federal prison in December 2015, his maximum state term had already expired. The state argues that Chapin was a "parole violator" and thus was not entitled to have his time served in federal prison credited to his state sentence.

{¶13}  R.C. 2967.15(C)(1) provides, "The time between the date on which a person who is a parolee or other releasee is declared to be a violator or violator at large and the date on which the person is returned to custody in this state under the immediate control of the adult parole authority shall not be counted as time served under the sentence imposed on that person or as a part of the term of post-release control."  R.C. 2967.01 defines "Parole violator" as "any parolee or release who had been declared to be * * * in violation of any other term, condition, or rule of the parolee's or releasee's parole * * *, the determination of which has been made by the adult parole authority and recorded in its official minutes."

{¶14}  Chapin alleges that he has never been declared a "parole violator **at large**" by the APA for purposes of invoking R.C. 2967.15(C)(1) and therefore his time in federal prison should be counted towards his state sentence.  However, the state attached the APA special minutes showing that on August 16, 1991 the APA declared Chapin to be a "parole violator" effective August 9, 1991. The state also attached a subsequent arrest warrant for Chapin. (State Exhibits B & C) Chapin was released from the federal prison on December 8, 2015 and was transported to the Correctional Reception Center in Orient, Ohio. (State Exhibit D)

{¶15}  After Chapin's return, the APA entered the following special minutes:

Whereas, [Chapin] was declared a Violator in custody effective 8-9-91; and, Whereas, the Superintendent of the Adult Parole Authority field offices has recommended that he be restored to parole while at large effective 12-11-15; * * * Therefore, by virtue of the authority vested in the Adult Parole Authority by Section 2967.15 of the Ohio Revised Code, he is hereby restored to parole status, effective 12-11-15, to continue under the supervision of the Parole Supervision Section. (State Exhibit E)

The special minutes also include the notations: "Old Max Date: 4-4-2011"; "Lost Time (in Days): 8889"; and "New Max Date: 8-5-2035." (State Exhibit E) In January 2016, the APA found that Chapin had violated the terms of his parole in 1991 and 1992 based on his armed bank robbery conviction, possession of drug paraphernalia, possession of a firearm, and a change of residence. At his parole violation hearing, Chapin admitted the violations and APA revoked his parole effective January 11, 2016. (Chapin Exhibit D)

{¶16}  The state argues that because Chapin was declared a parole violator effective August 9, 1991, he cannot have his federal prison term counted as time served under his state terms under R.C. 2967.15(C).  Chapin argues that he was never a "parole violator at large" but instead was only a "parole violator." He claims that R.C. 2967.15(C) applies only to a "parole violator at large" and not to a "parole violator." Chapin cites no authority to support his claim. The plain language of R.C. 2967.15(C)(1) provides that the time between the date on which a parolee "is declared to be *a violator or violator at large*" and the date on which that person is returned to state custody under the immediate control of the parole authority shall not be counted as time served under the state sentence. (Emphasis added).  *State ex rel. Gillen v. Ohio Adult Parole Auth.,* 72 Ohio St.3d 381, 1995-Ohio-194, 650 N.E.2d 454 (parole violator not entitled to credit for time served in New York); *Coleman v. Ohio Adult Parole Auth.,* 4th Dist. Ross No. 97CA2302, 1997 WL746046 (Nov. 19, 1997); *Fowler v. McAninch,* 4th Dist. Ross No. 97CA2269, 1997 WL426119 (July 14, 1997). Thus, the state correctly followed the provisions of R.C. 2967.15(C)(1) by adding the time between the date Chapin was

declared to be a parole violator and the date on which he was returned to custody in Ohio under the immediate control of the parole authority.

**{¶17}** Next Chapin argues that his federal prison sentence should be counted as time served under his state sentence because his federal sentence for armed bank robbery was to be served concurrently with his state sentence.[2] (Chapin Exhibit B) However, because Chapin's state sentence ceased to run from August 9, 1991 (the date on which he was declared to be a parole violator) until December 11, 2015 (the date he was returned to custody of the state under the immediate control of the adult parole authority), there was no state sentence actively running at the time the federal court imposed its sentence. Thus, the federal sentence could not "run concurrent" with his state sentence. *State ex rel. Amburgey v. Russell,* 139 Ohio App.3d 857, 859-860, 745 N.E.2d 1134 (12th Dist. 2000); *see also, State v. Trivett,* 12th Dist. Clermont No. CA2001-12-095, 2002-Ohio-6391, ¶20-22 (Because defendant's out-of-state sentence was not currently existing when his prior Ohio sentence was reinstated for probation violation, defendant was not entitled to have his out-of-state sentence served concurrent with his Ohio sentence).

**{¶18}** Additionally, courts in other jurisdictions cannot circumvent R.C. 2967.15(C)(1) and require the state of Ohio to credit time served in prisons in other jurisdictions against a prisoner's Ohio sentence. *State ex rel. Amburgey v. Russell, supra.* In *Amburgey,* Amburgey was convicted of attempted burglary and released on parole when he moved to Kansas and was convicted of robbery. The Kansas

---

[2] Chapin attached a printout captioned "Sentence Monitoring Computation Data" as proof of his federal sentences instead of the actual sentencing entries.

sentencing entry states that the Kansas term "runs concurrent to prior sentence in State

of Ohio." Shortly thereafter Ohio declared Amburgey to be a parole violator. After

serving his Kansas sentence, Amburgey returned to Ohio where the Ohio Department

of Rehabilitation and Corrections added 928 days to his sentence, which reflected the

time between when he was declared to be a parole violator and when he was returned

to Ohio.

{¶19}  Amburgey argued that he was entitled to be credited with his time served

in Kansas.  The appellate court rejected this argument:

> In this case, Amburgey was convicted and sentenced under Ohio
> law and then, as a matter of grace, was granted parole. Amburgey
> violated his parole by committing a crime in Kansas for which he was
> incarcerated in Kansas. Ohio has a law, R.C. 2967.15(C)(1), which states
> that a person who violates parole and is declared to be a violator or
> violator-at-large is not entitled to count as time served the period between
> the time the person is declared to be a violator and the date he is returned
> to the custody of the state of Ohio. The Kansas judge, in an extraterritorial
> sentencing decision, attempted to circumvent R.C. 2967.15(C)(1) by
> running Amburgey's Kansas sentence "concurrent to prior sentence in the
> state of Ohio." Presumably, this meant any sentence that might be
> imposed as a result of Amburgey's parole violation. The record does not
> indicate whether the Kansas judge knew about the provisions of R.C.
> 2967.15(C)(1).
>
> Under these circumstances, we conclude that the state of Ohio, by
> and through the Adult Parole Authority, has the right to enforce its own
> statute, which was lawfully enacted and applicable to Amburgey. Parole is
> intended to be a means of restoring offenders who are good social risks to
> society. Unless a parole violator can be required to serve time in prison in
> addition to that imposed for an offense committed while on parole, he
> escapes punishment for the unexpired portion of his original sentence,
> and the disciplinary authority of the Parole Board is undermined.

(Citations omitted) *Id.* at 861.  Chapin cites no authority that requires the APA to

disregard the calculation requirements of R.C. 2967.15(C)(1) and follow a sentencing

order of a foreign court (state or federal) for purposes of calculating a parole violator's time served on an Ohio sentence.

**{¶20}**  Next, Chapin argues that when the parole authority calculated his remaining sentence under R.C. 2967.15(C) the effect was to "sua sponte" impose consecutive sentences in violation of the separation of powers doctrine. He argues that only a trial court may impose consecutive sentences and those sentencing statutes as amended now provide for concurrent sentences.  The premise of Chapin's argument is false: The parole authority does not "impose consecutive sentences" upon him when it calculates the additional time he must serve in accordance with R.C. 2967.15(C)(1). This argument and the sentencing statutes Chapin cites are inapplicable to the facts of this case. *See State ex rel. Gillen v. Ohio Parole Auth.,* 72 Ohio St.3d 381, 382, 1995-Ohio-194, 650 N.E.2d 454 (concurrent sentencing statute, R.C. 2929.41, has no application because it governs Ohio courts, not foreign courts and does not require the parole authority to allow credit for sentences served in foreign jurisdictions); *see also State ex rel. Thompson v. Kelly,* 137 Ohio St.3d 32, 2013-Ohio-244, 997 N.E.2d 498.

IV. Conclusion

**{¶21}**  We find that there are no genuine issues as to any of the material facts. After serving approximately 8 years of a 28-year sentence, Chapin was declared a parole violator.  He committed additional federal crimes and served approximately 24 years in federal prisons in various states before he was returned to custody in Ohio under the immediate control of the APA.  Under R.C. 2967.15(C)(1), the time between August 9, 1991 and December 11, 2015 (8889 days) does not count towards his Ohio

sentence. Chapin maximum prison sentence has not expired. Chapin's argument concerning his concurrent federal sentences fails because under R.C. 2967.15(C)(1) his state sentence ceased to run and therefore the federal sentence could not run concurrent to it. The respondent is entitled to judgment as a matter of law. We **GRANT**, the state's motion for summary judgment and **DISMISS** the petition.

**{¶22}** The clerk shall serve a copy of this order on all counsel of record and unrepresented parties at their last known addresses by ordinary mail.

**{¶23} MOTION GRANTED. PETITION DISMISSED.**

Abele, J. & McFarland, J.:  Concur.

**FOR THE COURT**

_____
Marie Hoover
Judge

**NOTICE**

**This document constitutes a final judgment entry and the time period for appeal commences from the date of filing with the clerk.**

**Pursuant to Civ.R. 58(B), the clerk is ORDERED to serve notice of the judgment and its date of entry upon the journal on all parties who are not in default for failure to appear. Within three (3) days after journalization of this entry, the clerk is required to serve notice of the judgment pursuant to Civ.R. 5(B), and shall note the service in the appearance docket**