[Cite as *State ex rel. Ross v. McConahay*, 2021-Ohio-612.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, EX REL. ANTHONY ROSS, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Petitioner | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| TIM MCCONAHAY, WARDEN and | : | Case No. 2021 CA 0006 |
| ANNETTE CHAMBERS-SMITH, DEPARTMENT | : | |
| OF REHABILITATION AND CORRECTIONS, | : | |
| | : | |
| Respondents | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Writ of Habeas Corpus


JUDGMENT:                         Dismissed


DATE OF JUDGMENT:                 March 5, 2021


APPEARANCES:

For Petitioner                              For Respondents

KENNETH R. BAILEY                           MAURA O'NEILL JAITE
DANIELLE C. KULIK                           Senior Assistant Attorney Generel
Bailey Legal Group                          Ohio Attorney General's Office
220 West Market Street                      Criminal Justice Section
Sandusky, Ohio 44870                        30 E. Broad Street, 23rd Floor
                                            Columbus, Ohio 43215

*Baldwin, J.*

{¶1} On January 28, 2021, Petitioner, Anthony Ross, filed a Petition for a Writ of Habeas Corpus against Respondents, Tim McConahay, Warden, and Annette Chambers-Smith, Department of Rehabilitation and Corrections (collectively, "Respondents.") Mr. Ross seeks habeas relief claiming he should have received credit for time served in Michigan on his four-year sentence ordered in Ohio by the Erie County Court of Common Pleas in *State of Ohio v Anthony Ross*, Case No. 2003-CR-257.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

{¶2} Mr. Ross alleges on December 21, 2004, he was found guilty in the Erie County Court of Common Pleas, Ohio, and sentenced to four years in prison, with two years being mandatory. [Petition, ¶ 2.01] Mr. Ross had been granted bond and instructed to report to the Sandusky County Jail on December 24, 2004. [*Id.*, Exh. B] However, Mr. Ross absconded, resulting in his bond being forfeited. [*Id.*]

{¶3} Thereafter, on August 28, 2007, Mr. Ross was convicted for crimes committed in Macomb County, Michigan and sentenced to seven years and three months in prison. [*Id.*, ¶ 2.02; Exh. B] The Michigan sentence in Macomb County was ordered "to the extent possible" to be served concurrently with sentences rendered in the state of Michigan, Wayne County Circuit Court, Case No. 07-010417-01 and state of Ohio, Erie County Court of Common Pleas, Case No. 2003 CR 257 [*Id.*, Exh. B]

{¶4} Mr. Ross was paroled in custody on May 9, 2019, and discharged from parole on May 9, 2020. [*Id.*, ¶ 2.03] Upon his release from Michigan, he was transported to and incarcerated by the Ohio Department of Corrections, without receiving credit for the time he served in Michigan. [*Id.*] Mr. Ross seeks an order from this Court instructing

Respondents to follow the court order from the state of Michigan, give him credit for time served in Michigan against his Ohio sentence, and release him from incarceration because he allegedly served his Ohio sentence upon completion of his Michigan sentence.

## CIV.R. 12(B)(6) STANDARD AND HABEAS CORPUS RELIEF

**{¶5}** Respondents filed a Motion to Dismiss and/or Summary Judgment Motion. We will address Respondent's motion under Civ.R. 12(B)(6). The purpose of a Civ.R. 12(B)(6) motion is to test the sufficiency of the complaint. *State ex rel. Boggs v. Springfield Loc. School Dist. Bd. of Edn.,* 72 Ohio St.3d 94, 95, 647 N.E.2d 788 (1995). In order for a case to be dismissed for failure to state a claim, it must appear beyond doubt that, even assuming all factual allegations in the complaint are true, the nonmoving party can prove no set of facts that would entitle that party to the relief requested. *Keith v. Bobby,* 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶10.

**{¶6}** If a petition does not satisfy the requirements for a properly filed petition for writ of habeas corpus or does not present a facially viable claim, it may be dismissed on motion by the respondent or sua sponte by the court. *Flora v. State,* 7th Dist. Belmont No. 04 BE 51, 2005-Ohio-2383, ¶ 5. Further, in considering a motion to dismiss under Civ.R. 12(B)(6), a court is permitted, under Civ.R. 10, to consider written instruments if they are attached to the complaint. (Citations omitted.) *Natl. City Mtge. Co. v. Wellman,* 174 Ohio App.3d 622, 2008-Ohio-207, 883 N.E.2d 1122, ¶17 (4th Dist.).

**{¶7}** "To be entitled to habeas corpus, a petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement." *State ex rel. Whitt v. Harris*, 157 Ohio St.3d 384, 2019-Ohio-4113, 137 N.E.3d 71, ¶ 6, citing R.C. 2725.01; *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10. Habeas corpus is not available when an adequate remedy at law exists. *Billiter v. Banks*, 135 Ohio St.3d 426, 2013-Ohio-1719, 988 N.E.2d 556, ¶ 8.

**{¶8}** However, "habeas corpus will lie in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty, notwithstanding the fact that only nonjurisdictional issues are involved, but only where there is no adequate remedy, e.g., appeal or postconviction relief." *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 186, 652 N.E.2d 746 (1995). Further, even when an adequate remedy does not exist, habeas corpus relief generally is appropriate only when "the petitioner's maximum sentence has expired and he is being held unlawfully." *Heddleston v. Mack*, 84 Ohio St.3d 213, 214, 702 N.E.2d 1198 (1998).

**ANALYSIS**

A.    <u>Procedural defect with petition</u>

**{¶9}** We previously sua sponte dismissed a Petition for Writ of Habeas Corpus filed by Mr. Ross in *State of Ohio ex rel. Anthony Ross v. Annette Chambers-Smith Dept. of Rehab. and Corrections*, Richland Case No. 2021 CA 0001 because Mr. Ross failed to attach all of his commitment papers as required by R.C. 2725.04(D). The previous petition contained the same arguments as set forth here. Respondents correctly point out that in the present petition Mr. Ross again failed to attach all of his commitment papers.

Specifically, Mr. Ross did not attach any paperwork related to his Ohio detainer warrant, withdrawal of his Ohio detainer warrant, and his original sentencing entry from Macomb County, Michigan, Circuit Court Case Nos. 07-1501 PH, 07-1503 PH, and 07-1516.

**{¶10}** As explained in *Ross I*, without the required commitment papers, Mr. Ross's petition is fatally defective. *Brown v. Rogers*, 72 Ohio St.3d 339, 341, 650 N.E.2d 422 (1995). This deficiency serves as an independent basis to again sua sponte dismiss Mr. Ross's petition.

B. Merits of petition

**{¶11}** However, despite the procedural deficiency addressed above, we will review the merits of Mr. Ross's petition. Mr. Ross claims he is entitled to credit for time served in Michigan for his Ohio sentence and if given that credit he has served his Ohio sentence and is being wrongfully incarcerated. We disagree.

**{¶12}** Although not stated in his petition, the exhibits attached to Mr. Ross's petition indicate he was sentenced to a four-year prison term in Ohio, with two years, mandatory, but instead of reporting to prison, Mr. Ross absconded. *See* Petition, Exh. B. Mr. Ross apparently committed new crimes in Michigan. Michigan state courts sentenced Mr. Ross to prison and he remained incarcerated until May 9, 2019. [Petition, ¶ 2.03] Mr. Ross relies on language from a Macomb County, Michigan sentencing entry that allegedly stated "to the extent possible" he should serve the sentences rendered in Macomb County, Michigan concurrently with sentences rendered in Wayne County, Michigan and Erie County, Ohio.

**{¶13}** However, as noted above, the sentencing entry, which is a required commitment paper under R.C. 2725.04(D), was not attached to the petition. The only

document attached to the petition that references this concurrent sentencing language is Exhibit B, which is an Opinion and Order that denied Mr. Ross's Motion for Clarification of Judgment of Sentence filed in the Macomb County Circuit Court, Michigan.

{¶14} We find the Fourth District Court of Appeals' decision in *Chapin v. Bradley*, 4th Dist. Pickaway No. 16CA12, 2016-Ohio-7441, 76 N.E.3d 533 dispositive of the arguments presented here. In *Chapin*, petitioner sought habeas relief arguing he had served his maximum state prison sentence when he completed serving a federal prison sentence. *Id.* at ¶ 5. Petitioner's maximum state prison sentence was 28 years. *Id.* at ¶ 6. He served 8 years of the state prison sentence and was paroled. ¶¶ 3, 6. After being paroled, petitioner committed armed robbery and began serving a federal prison term. *Id.* at ¶ 6. Petitioner argued he should receive credit against his state prison term for the time served in federal prison and that if given that credit, he completed service of his state prison sentence. *Id.* at ¶ 5. Specifically, petitioner argued his federal sentence was to be served concurrently with his state sentence. *Id.* at ¶ 17.

{¶15} The court of appeals granted respondent's summary judgment motion and dismissed the writ. *Id.* The court explained petitioner's state prison sentence stopped running on the date he was declared a parole violator until he was returned to the custody of the Ohio Adult Parole Authority. *Id.* Because no state sentence was actively running at the time the federal court imposed the sentence, the federal sentence could not run concurrent with the state sentence. *Id.*

{¶16} Although *Chapin* dealt with a parole violator, we find the facts analogous to the present matter. Mr. Ross did not violate parole; however, he apparently absconded and never reported to prison on December 24, 2004 to start serving his state prison term.

He then committed crimes in the state of Michigan for which he ended up serving seven years and three months. As in *Chapin*, we do not find Mr. Ross served his Ohio sentence concurrently with his Michigan sentence since he never reported to prison in Ohio to begin serving his Ohio sentence. No Ohio sentence was actively running at the time the Michigan court imposed its sentence. Mr. Ross had absconded and never started serving his Ohio sentence. Therefore, his Ohio sentence could not run concurrent with his Michigan sentence.

**{¶17}** Despite this point of law, Mr. Ross relies on language allegedly contained in a Michigan sentencing entry that indicated the Michigan sentence was "to the extent possible" to be served concurrently with a sentence issued in Wayne County, Michigan and Erie County, Ohio. He maintains he is guaranteed the right of Full Faith and Credit for his sentence being concurrently served. [Petition, ¶ 2.08]

**{¶18}** The Twelfth District Court of Appeals rejected a similar argument in *State ex rel. Amburgey v. Russell*, 139 Ohio App.3d 857, 745 N.E.2d 1134 (12th Dist.2000). In *Amburgey*, relator committed a crime in Ohio and was sentenced to a prison term. *Id.* at 859. He was eventually granted parole, moved to Kansas, and was subsequently convicted of committing a robbery in Kansas. *Id.* The Kansas sentencing entry stated relator's forty-one month term " 'runs concurrent to prior sentence in the State of Ohio.' " *Id.*

**{¶19}** Relator filed a writ of mandamus arguing his attempted burglary sentence in Ohio should not have been increased by 928 days (the amount of time between being declared a parole violator and relator's return to Ohio) because the Kansas court specifically ordered the Kansas sentence to run concurrently with the Ohio sentence. *Id.*

The court of appeals found strict application of the Full Faith and Credit Clause was not required under these facts. The court explained:

> One exception to strict application of the Full Faith and Credit Clause is made with respect to judgments from foreign states that are "penal in the "international sense,' such as those resulting from state criminal convictions." * * * The reason behind this exception is that individual states have a unique interest in punishing those who violate their laws apart from any foreign state or jurisdiction. " 'The proper place for punishment is where the crime was committed[.] * * *' "

*Id.* at 861.

{¶20} Likewise, here, Ohio is not required to give Mr. Ross credit against his Ohio sentence for the time he served in Michigan under the Full Faith and Credit Clause. In fact, to do so would reward Mr. Ross's conduct of absconding from the state of Ohio without serving any of his Ohio prison term.

{¶21} For these reasons, we grant Respondents' Motion to Dismiss under Civ.R. 12(B)(6) and dismiss Mr. Ross's Petition for a Writ of Habeas Corpus. The clerk of courts is hereby instructed to serve upon all parties not in default notice of this judgment and its date upon the journal. *See* Civ.R. 58(B).

**{¶22}** RESPONDENTS' MOTION TO DISMISS IS GRANTED.

**{¶23}** PETITION FOR WRIT OF HABEAS CORPUS IS DISMISSED.

**{¶24}** COSTS TO PETITIONER.

**{¶25}** IT IS SO ORDERED.

By: Baldwin, P.J.

Hoffman, J. and

Delaney, J. concur.